IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN ROLLAKANTI,                              *

     Plaintiff,                                    *

v.                                              *          Civil No. TJS-22-887

HOLY CROSS HOSPITAL,                            *

     Defendant.                                    *

                      *    *    *    *    *    *

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Sanctions filed by Defendant Holy Cross Hospital.[1] ECF No. 32. Having considered the parties' submissions (ECF Nos. 32, 39 & 40), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.     Background**

On May 20, 2022, the same day that a scheduling order was issued, Defendant served document production requests on Plaintiff. Plaintiff's responses were due by June 19, 2022. *See* ECF No. 22 at 1. During a telephone conference held with Judge Chuang on May 31, 2022, Plaintiff was granted an extension until July 15, 2022, to respond to the document requests. *See* ECF No. 11. Plaintiff did not produce timely responses to Defendant's discovery requests. *See* ECF No. 22 at 2.

On September 27, 2022, at Defendant's request, the Court issued an order compelling Defendant to respond to the outstanding discovery requests. ECF No. 29. The Court directed

---

[1] This case is before me for all proceedings, pursuant to 28 U.S.C. § 636(c) and the consent of the parties. ECF Nos. 13, 15 & 16.

Plaintiff to produce his discovery responses by October 7, 2022, and specifically warned Plaintiff that failing to do so would result in the dismissal of his case. *Id.* at 2. Plaintiff did not produce responses to Defendant's discovery requests by October 7, 2022, as the Court ordered him to do. *See* ECF No. 32 at 2.

After the deadline for Plaintiff to produce the discovery responses had passed, on October 10, 2022, Defendant filed the instant Motion for Sanctions. In his Response to the Motion, Plaintiff appears to have provided some responses to Defendant's discovery requests, although it is unclear which of the 15 numbered paragraphs respond to which discovery requests. ECF No. 39. Plaintiff also attached to his response a copy of the Equal Employment Opportunity Commission's Determination dated August 17, 2021; an email from Defendant's former counsel dated May 23, 2019; a brief email chain between Plaintiff and someone named Johny Niles dated February 3, 2017; an email from Plaintiff to Johny Niles and other employees of Holy Cross Hospital dated July 11, 2017, regarding Plaintiff's annual health screen; an email from Plaintiff to Johny Niles dated March 21, 2017, "regarding PRN hours," and; a brief email chain between Plaintiff and Johny Niles from late-April 2017 regarding Plaintiff's annual health screen. ECF Nos. 39-1, 39-2 & 39-3. Defendant states that the documents Plaintiff attached to his Response are "largely unresponsive to Defendant's actual requests," and that the Response "ignor[es] and fail[s] to respond . . . . to the vast majority of [Defendant's] requests." ECF No. 40 at 3.

## II.    Discussion

If a party violates an order compelling the production of discovery, Rule 37(b)(2) empowers the Court to issue further orders sanctioning the party, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In determining an appropriate sanction, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.*; *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The most serious sanctions of dismissal and default judgment are reserved for "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Anderson*, 155 F.3d at 505 (describing default judgment as "a last-resort sanction"). Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a "clear and explicit" warning of the possibility of such a sanction to the noncompliant party. *DeLoatch v. Baywood Hotels, Inc.*, No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020) (citing *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019)).

Dismissal with prejudice is the appropriate sanction here. First, Plaintiff's failure to comply with the Court's Order demonstrates that he has acted in bad faith. *See Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) (explaining that "noncompliance with discovery orders supports a finding of bad faith"). The Court acknowledges

3

that Plaintiff is proceeding pro se. But self-represented litigants "as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). As Defendant correctly notes, Plaintiff had months to respond to Defendant's discovery requests, yet he failed to do so. And when the Court ordered him to produce his responses on penalty of dismissal, he did not comply. Plaintiff has failed to explain his failures in discovery. Plaintiff's failure to comply with the rules of discovery and the Court's Order supports a finding of bad faith, not inadvertence. *See Allen v. One Stop Staffing, LLC*, No. ELH-19-2859, 2021 WL 5416530, at *5 (D. Md. Nov. 19, 2021). And because Plaintiff is representing himself, the Court need not determine whether another person is to blame for his discovery failure.

Second, Plaintiff's failure to respond to Defendant's discovery requests is prejudicial. Defendant's discovery requests concern material facts at issue in this lawsuit. Without Plaintiff's responses, Defendant's ability to defend itself is seriously compromised. Without discovery from Plaintiff, Defendant cannot be certain what evidence, if any, supports the pending claims. Defendant is also prejudiced in terms of delay. Since Defendant propounded its discovery requests in May 2022, this case has been at a standstill. Unless sanctions are imposed, Defendant will remain entangled in litigation that Plaintiff will not properly prosecute. The Court finds that the prejudice to Defendant from Plaintiff's violation of the Order is serious. *See Allen*, 2021 WL 5416530, at *5 ("To be sued in federal court is serious business. The defendant is entitled to pursue discovery to ascertain whether there is merit to the claims.").

Third, the Court must deter Plaintiff and other litigants from committing discovery violations and violating orders compelling the production of discovery. If Plaintiff had simply complied with the Federal Rules of Civil Procedure by producing his discovery responses on time,

4

or at least complied with the Court's Order compelling him to produce discovery, his case could have proceeded to dispositive pretrial motions and possibly trial in an orderly fashion. But Plaintiff flouted the rules, ignored this Court's Order, and apparently abandoned the very lawsuit that he initiated. This sort of misconduct must be deterred.

Fourth, lesser sanctions would not be effective. The Court has already ordered Plaintiff to produce discovery responses and warned him that failing to do so would result in dismissal. He ignored the Court's Order. "Where a litigant has ignored an express warning that noncompliance . . . will result in dismissal, the district court should dismiss the case." *Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (citing *Ballard*, 882 F.2d at 95-96). In addition, Plaintiff has not provided any explanation for his failure to produce discovery or for his noncompliance with the Court's Order. His untimely and incomplete discovery responses included in his Response to the Motion, which themselves violate Rule 34, do not lessen the seriousness of Plaintiff's misconduct. Given Plaintiff's discovery failure and violation of the Court's Order, combined with his failure to provide any excuse for his misconduct, dismissal with prejudice is warranted. *See Allen*, 2021 WL 5416530, at *6 (dismissing case with prejudice because of a plaintiff's discovery violations and noncompliance with court order).

Dismissal with prejudice will not repay Defendant for the time it spent attempting to get Plaintiff to comply with his discovery obligations, and in that sense it is an insufficient sanction. But dismissal with prejudice will ensure that Plaintiff cannot refile his claims against Defendant. This will save Defendant the future expense of defending itself against a litigant who does not comply with the rules and has disregard for the authority of the Court. Dismissal with prejudice is the only sanction that will be effective.

Defendant requests that the Court require Plaintiff to "bear Defendant's attorney's fees and costs incurred in filing the Motion for Sanctions, with Defendant to submit to the Court an itemization of such fees and costs." *See* ECF No. 32-1. Under Rule 37(b)(2)(C), when a party succeeds on a motion for sanctions for the violation of a Court order regarding discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." If Defendant wishes to seek the reimbursement of the fees and costs it incurred in connection with its Motion for Sanctions, it shall file an itemization of such fees and costs by **November 22, 2022**. If Plaintiff wishes to respond to Defendant's fee petition, he shall file a response by **December 6, 2022**. Defendant may file any reply by **December 13, 2022**.

## III.    Plaintiff's Other Motions

On October 20, 2022, Plaintiff filed a motion captioned "Motion for Exten[s]ion of Date for Discovery & Sanctions" (ECF No. 37). In this motion, Plaintiff requests that the Court stay discovery and its consideration of the pending Motion for Sanctions and order the parties to settle this case in mediation. Because this motion is without legal justification, and because it is moot given the Court's ruling on the Motion for sanctions, it will be denied.

On October 20, 2022, Plaintiff filed a second motion captioned "Motion for Exten[s]ion of Date" (ECF No. 38). This motion is identical to the motion that the Court denied in its Order at ECF No. 36. According, the motion will be denied for the same reasons stated in ECF No. 36.

**IV.     Conclusion**

       For these reasons, the Motion for Sanctions (ECF No. 32) is **GRANTED**. Plaintiff Steven Rollakanti's claims are **DISMISSED WITH PREJUDICE**. Plaintiff's motions at ECF No. 37 and 38 are **DENIED**. If Defendant wishes to seek reimbursement of its fees and costs, it shall file an itemization of such fees and costs by **November 22, 2022**.

       An accompanying order follows.


November 15, 2022                            /s/
Date                                         Timothy J. Sullivan
                                         United States Magistrate Judge